```
               UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF WEST VIRGINIA

                       AT CHARLESTON


GENEVA ADKINS,

        Plaintiff,

v.                                 Civil Action No. 2:12-8071

APPALACHIAN FUELS, LLC, and
JOHN DOE ENTITIES 1-5,

        Defendants.


MATTHEW ADKINS and
JENNIFER ADKINS

        Plaintiffs,

v.                                 Civil Action No. 2:12-8530

APPALACHIAN FUELS, LLC, and
JOHN DOE ENTITIES 1-5,

        Defendants.


CHERRY BLEVINS and
LEO COPELAND and
TAMMY COPELAND,

        Plaintiffs,

v.                                 Civil Action No. 2:12-8531

APPALACHIAN FUELS, LLC, and
JOHN DOE ENTITIES 1-5,

        Defendants.
```

CLARKSON BROWNING and
TERESA BROWNING,

     Plaintiffs,

v.                                          Civil Action No. 2:12-8532

APPALACHIAN FUELS, LLC, and
JOHN DOE ENTITIES 1-5,

     Defendants.


ELIZABETH CALLAWAY,

     Plaintiff,

v.                                          Civil Action No. 2:12-8533

APPALACHIAN FUELS, LLC, and
JOHN DOE ENTITIES 1-5,

     Defendants.


VIRGINIA ELLIXSON,

     Plaintiff,

v.                                          Civil Action No. 2:12-8534

APPALACHIAN FUELS, LLC, and
JOHN DOE ENTITIES 1-5,

     Defendants.

JAMES FLEMING and
PATRICIA FLEMING,

     Plaintiffs,

v.                                          Civil Action No. 2:12-8535

APPALACHIAN FUELS, LLC, and
JOHN DOE ENTITIES 1-5,

     Defendants.

ROBERT GREER and
BARBARA GREER,

       Plaintiffs,

v.                            Civil Action No. 2:12-8536

APPALACHIAN FUELS, LLC, and
JOHN DOE ENTITIES 1-5,

       Defendants.


ROBERT GREER, JR. and
REMA GREER,

       Plaintiffs,

v.                            Civil Action No. 2:12-8537

APPALACHIAN FUELS, LLC, and
JOHN DOE ENTITIES 1-5,

       Defendants.

WILLIAM JENKINS,

       Plaintiffs,

v.                            Civil Action No. 2:12-8538

APPALACHIAN FUELS, LLC, and
JOHN DOE ENTITIES 1-5,

       Defendants.

JAMES LOWE and
ALISA SHEPARD,

       Plaintiffs,

v.                            Civil Action No. 2:12-8539

APPALACHIAN FUELS, LLC, and
JOHN DOE ENTITIES 1-5,

       Defendants.

GREGORY MULLINS and
WILLA MULLINS,

      Plaintiffs,

v.                               Civil Action No. 2:12-8540

APPALACHIAN FUELS, LLC, and
JOHN DOE ENTITIES 1-5,

      Defendants.


MARLENE NELSON,

      Plaintiff,

v.                               Civil Action No. 2:12-8541

APPALACHIAN FUELS, LLC, and
JOHN DOE ENTITIES 1-5,

      Defendants.

RAYMOND PORTER, in his capacity
as Executor of THE ESTATE OF MABEL PORTER,

      Plaintiff,

v.                               Civil Action No. 2:12-8542

APPALACHIAN FUELS, LLC, and
JOHN DOE ENTITIES 1-5,

      Defendants.

LARRY SPRY and
THELMA SPRY

      Plaintiffs,

v.                               Civil Action No. 2:12-8543

APPALACHIAN FUELS, LLC, and
JOHN DOE ENTITIES 1-5,

      Defendants.

OLEDA WORKMAN,

      Plaintiff,

v.                                  Civil Action No. 2:12-8544

APPALACHIAN FUELS, LLC, and
JOHN DOE ENTITIES 1-5,

      Defendants.


## MEMORANDUM OPINION AND ORDER

      Pending in each of the above-styled actions are the plaintiffs' motions to remand, filed December 12, 2012.

      As noted in the court's January 24, 2013, order, counsel have advised that the briefing respecting the sixteen motions to remand is materially identical save for one variation.  In the following six cases, pre-removal negotiations transpired which may bear on the disposition of the motions to remand ("class one cases"):

| Plaintiff(s) | Civil Action |
|---|---|
| Geneva Adkins | 2:12-08071 |
| Matthew & Jennifer Adkins | 2:12-08530 |
| Clarkson & Teresa Browning | 2:12-08532 |
| Virginia Ellixson | 2:12-08534 |
| James Lowe & Alisa Shepard | 2:12-08539 |
| Raymond Porter, Executor | 2:12-08542 |

In the remaining ten cases ("class two cases"), no pre-removal negotiations occurred.

In the January 24, 2013, order, the court, in accordance with counsels' agreement, selected at random one set of remand briefing from one of the cases falling in class one and one set of remand briefing from one of the cases falling in class two and, based upon those two separate sets of briefs, will now resolve the entirety of the remand issues respectively presented in each of the two classes.

The remand issues presented in the class one cases will be resolved by reference solely to the briefing filed in <u>Geneva Adkins v. Appalachian Fuels, LLC</u>, No. 2:12-8071.  The remand issues presented in the class two cases will be resolved by reference solely to the briefing filed in <u>Cherry Blevins et al. v. Appalachian Fuels, LLC</u>, No. 2:12-8531.

I.

The plaintiffs are West Virginia residents.  Defendant Appalachian Fuels, LLC, ("Appalachian Fuels") was at all relevant times a Kentucky limited liability company.  On June 12, 2010, Appalachian Fuels caused water to improperly drain from its surface mine into the Miller Branch area in Logan County, West Virginia.  The water damaged the plaintiffs' properties.

6

On May 23, 2012, the plaintiffs instituted these actions in the Circuit Court of Logan County against Appalachian Fuels  and unspecified John Doe entities.  The plaintiffs discuss the structure of the litigation at that time in their memorandum in support of remand:

> Pursuant to Rule 3(a) of the West Virginia Rules of Civil Procedure, separate civil actions by each Plaintiff were not only appropriate, but required. The Logan County Circuit Court properly required separate filing fees to be paid for each action and assigned separate civil action numbers, but did allow a "Master Complaint" to be filed with the names of each plaintiff included on the case style. The case did not proceed in State Court long enough to address whether there would be consolidation of discovery or Trial of the separate individual Plaintiffs' cases.

(Pls.' Mem. in Supp. of Rem. at 2 n.1).

As noted, all of the plaintiffs appeared in the style of a master complaint and jurisdictional allegations were made as to each.  The single count contained in the master complaint appears to allege both negligence and nuisance.[1]  The plaintiffs assert that they have "suffered severe damage to their property, personal property, residences, and other general and special damages, as may be later proven."  (Compl. ¶ 22).

---

[1]    Appalachian Fuels suggests that the plaintiffs are additionally pursuing a claim under the citizen-suit provision of the West Virginia Surface Coal Mining and Reclamation Act. The plaintiffs have disavowed any such claim, asserting they have pled "only claims that are expressly permitted by the West Virginia Common Law."  (Pls.' Resp. to Def.'s Mot. to Dism. at 2).

Respecting the damages to be awarded, Appalachian Fuels is currently a Chapter 11 debtor.  On April 11, 2012, however, the bankruptcy court entered an agreed lifting order allowing this litigation to proceed to the extent of liability insurance coverage.  Consistent with the agreed lifting order, plaintiffs have confined their request for damages to the proceeds of any applicable insurance coverage, including, but not limited to, any liability insurance and umbrella general liability coverage.  The applicable limit of insurance is $1,000,000.

On November 21, 2012, defendants, relying upon the master complaint, filed a single notice of removal listing all of the plaintiffs in one action.  Appalachian Fuels thus effectively, although apparently inadvertently, removed sixteen separate civil actions.  It explains as follows in its response to plaintiffs' remand motion:

> Appalachian Fuels relied in good faith on the Complaint, which gave the impression that Plaintiffs were uniting in a consolidated manner to assert their claims against Appalachian Fuels' insurance proceeds. Appalachian Fuels based its reliance on the facts that neither the Complaint nor any other notification by Plaintiffs lead it to the understanding that the Complaint was only a "Master Complaint", which was supposed to be represented as an individual filing for each Plaintiff.

(Def.'s Resp. to Rem. at 4).  Nevertheless, the plaintiffs

8

assert the amount in controversy must be proven in each individual case, some of which contain multiple plaintiffs.

On December 5, 2012, the court directed the Clerk to reflect on the record the actual state of affairs in the circuit court prior to removal.  The Clerk was directed to open a separate civil action ("separated civil actions") for each severable plaintiff or group of plaintiffs in these matters that existed in the circuit court on the date of removal.  The notice of removal was deemed effective as to, and filed in, each of the separated civil actions.

On December 12, 2012, plaintiffs moved to remand. They  assert that the amount in controversy falls well below the jurisdictional minimum when each case is viewed individually. They additionally seek the costs and fees occasioned by the removal.  To illustrate their view respecting the asserted absence of the necessary amount in controversy, plaintiffs have included in the record an email message in the Clarkson and Teresa Browning action reflecting a pre-litigation settlement demand of $55,000.  That is the highest demand encountered in any of the class one cases.

II.

The court is vested with original jurisdiction of all actions between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). The statute establishing diversity jurisdiction is to be strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Healy v. Ratta, 292 U.S. 263, 270 (1934); Schlumberger Indus., Inc. v. Nat'l Surety Corp., 36 F.3d 1274, 1284 (4th Cir.1994). The party seeking removal bears the burden of establishing federal jurisdiction and, if challenged, also bears the burden of proving that federal jurisdiction was properly invoked. Mulcahey v. Columbia Organic Chem. Co., 29 F.3d 148, 151 (4th Cir. 1994).

Just last month in Francis v. Allstate Ins. Co., No. 12-1563, --- F.3d ----, 2013 WL 829141 (4th Cir. Mar. 7, 2013), our court of appeals observed the nature of the burden imposed on the removing party when a question arises respecting satisfaction of the jurisdictional minimum:

> The removability of a case "depends upon the state of the pleadings and the record at the time of the application for removal . . . ." If diversity of citizenship, under 28 U.S.C. § 1332(a), provides the grounds for removal, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ." 28 U.S.C. § 1446(c)(2). If a complaint "does not allege a specific

10

> amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993).

Id. at *4.

Appalachian Fuels essentially rests their amount-in-controversy hopes on a single proposition, namely, that aggregation is permitted when a set of plaintiffs unite to enforce a single title or right in which they have a common undivided interest. That is an accurate statement of the law. It is not, however, representative of the factual circumstances now confronting the court.

Appalachian Fuels asserts that the plaintiffs may only seek the insurance policy proceeds from the common fund of Appalachian Fuels' coverage limit, which they assert results in a common and undivided interest permitting aggregation. While the claims of the several plaintiffs do arise from a single cause, they are not undivided claims with respect to the several properties. See Feikema v. Texaco, Inc., 16 F.3d 1408, 1412 (4th Cir. 1994) (case alleging that a plume of oil which leaked from a nearby petroleum distribution terminal damaged plaintiffs' properties and the court of appeals observing "While the claims of the several plaintiffs do arise from a single cause, they are not undivided claims with respect to the several

11

properties."); see also Charles A. Wright et al., Fed. Prac. &
Proc. § 3704 (4th ed. elec. 2013) ("If two plaintiffs each have
a $38,000 non-federal claim against a single defendant, . . . it
is equally clear that they may not aggregate their claims in a
single action for amount in controversy purposes and may not sue
in a federal court no matter how similar the claims may be so
long as the claims are regarded as 'separate and distinct.'").

It is true that if a coverage question arose against
the insurer on the applicable policies and the plaintiffs sued
collectively, aggregation might be appropriate in this circuit.
See Manufacturers Cas. Ins. Co. v. Coker, 219 F.2d 631, 633 (4th
Cir. 1955).  Those are not, however, the circumstances
presented.  In this action, individual plaintiffs instituted
separate actions against a tortfeasor which were "combined"
solely in the sense that a master complaint was authorized for
administrative convenience.  In sum, the controversy is not the
coverage amount available under the policy but, rather, whether
the tortfeasor perpetrated the harm alleged and the resulting
damages.

Aggregation is thus inappropriate.  Again, the master
complaint is best understood as an administrative device to aid
efficiency and economy and not one upon which the court can,

through fictive aggregation, arrive at the jurisdictional amount.  It is, accordingly, ORDERED that the motions to remand in the above-styled cases be, and hereby are, granted.  It is further ORDERED that each of these civil actions be, and hereby are, remanded to the Circuit Court of Logan County.[2]

The Clerk is directed to forward a copy of this order to counsel of record and any unrepresented parties.

DATED:  April 8, 2013

John T. Copenhaver, Jr.
United States District Judge

---

[2]    The court denies the request for costs and fees pursuant to 28 U.S.C. § 1447(c).  Appalachian Fuels failed to demonstrate removal jurisdiction.  The confusion presented by the master complaint, however, leads to the conclusion that removal was not objectively unreasonable. See Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").  The court, accordingly, ORDERS that the request for costs and fees be, and it hereby is, denied.